# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CHARLES JERGER, § | |
| § | |
| *Plaintiff*, § | Civil Action No. 4:20-cv-00309 |
| § | Judge Mazzant |
| v. § | |
| § | |
| D&M LEASING DALLAS AND ALLY § | |
| FINANCIAL INC., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant D&M Leasing Dallas' Rule 12(b)(3) Motion to Dismiss for Improper Venue (Dkt. #6) and Defendant Ally Financial Inc.'s Rule 12(b)(3) Motion to Dismiss for Improper Venue and Adoption and Joinder of Defendant D&M Leasing Dallas' Rule 12 (b)(3) Motion to Dismiss for Improper Venue (Dkt. #8). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **GRANTED**.

### BACKGROUND

**I.      Factual Background**

In this action, Plaintiff Charles Jerger has filed suit against Defendants D&M Leasing Dallas and Ally Financial Inc. Plaintiff's complaint seeks damages from Defendants for violation of the Truth in Lending Act[1] ("TILA"); fraudulent and negligent misrepresentation under Texas common law principles; violation of the Texas Deceptive Trade Practices Act[2] ("DTPA"); and breach of express warranty under Texas common law principles.[3]

---

[1] 15 U.S.C. § 1601.
[2] Tex. Bus. & Com. Code § 17.46.
[3] Plaintiff seeks damages for breach of express warranty permitted under 15 U.S.C. § 2308.

Plaintiff is a natural person residing in Richardson, Texas.[4] D&M Leasing's Dallas office is one of four offices of D&M Leasing, an automobile leasing company registered with the state of Texas.[5] Defendant Ally Financial, Inc. is a loan and finance company incorporated in Delaware. Ally Financial, Inc. has an office in Dallas, but—in the current controversy—they operated digitally through a D&M Leasing agent at D&M Leasing's Dallas office.

The five claimed violations stem from a single series of events. In 2014, Plaintiff leased a 2011 Lexus from D&M Leasing's Dallas office. On or around April 12, 2019, Plaintiff returned to D&M Leasing's Dallas office, planning to exchange the leased Lexus for another vehicle lease. Plaintiff—allegedly feeling pressured by a D&M Leasing sales associate to purchase, rather than lease, a new car—began negotiations for a purchase. Plaintiff claims he told the sales associate, multiple times, that his pre-existing medical condition made certain safety features essential for the safety of Plaintiff and those around him.[6] Plaintiff allegedly intimated to the sales associate that he was not interested in testing or purchasing any vehicle that did not have the requested safety features.

Ultimately, Plaintiff signed a sales agreement for a 2017 Nissan Murano. Plaintiff maintains that he was unaware that the parties had reached a purchase agreement. Plaintiff claims that the sales associate led him to believe the sale was not complete and that Plaintiff was merely taking the vehicle home for an extended test drive or only to "try it out" (Dkt. #1). Plaintiff further alleges that he was not provided with documentation regarding the purchase agreement, financing of the purchase, or the vehicle trade-in at any time before or after the transaction.

---

[4] Richardson, Texas falls within the Northern District of Texas.
[5] D&M Leasing's offices are all within the state of Texas. Their offices are in Dallas, Fort Worth, Houston, and Grand Prairie. D&M Leasing's principal office is the Fort Worth office (Dkt. #6, Exhibit A). None of D&M Leasing's offices are within the Eastern District of Texas.
[6] Plaintiff requested the vehicle have a front camera, backup camera, and side mirror indicators for lane changes.

Following the sales agreement's completion, Plaintiff drove the 2017 Nissan from D&M Leasing's Dallas office to his residence in Richardson, Texas. Subsequently, Plaintiff learned that the vehicle did not have the requested safety features. D&M Leasing claims that the first time it learned of Plaintiff's dissatisfaction with the vehicle was several months later through Plaintiff's letter in October 2019.[7] Plaintiff, however, claims that he returned to D&M Leasing's Dallas office in the days following the formation of the original purchase agreement to seek rescission of the agreement. It is undisputed that neither Plaintiff nor Defendants reside in the Eastern District of Texas. However, Plaintiff alleges he drives through the Eastern District of Texas with the vehicle in dispute.

## II.    Procedural History

On March 13, 2020, Plaintiff filed his Complaint (Dkt. #1). On May 11, 2020, Defendant D&M Leasing Dallas filed its Rule 12(b)(3) Motion to Dismiss for Improper Venue (Dkt. #6). On May 11, 2020, Ally Financial filed its Rule 12(b)(3) Motion to Dismiss for Improper Venue and Adoption and Joinder of Defendant D&M Leasing Dallas' Rule 12(b)(3) Motion to Dismiss for Improper Venue (Dkt. #8). On May 22, 2020, Plaintiff filed his Response (Dkt. #12). On May 29, 2020, Defendant D&M Leasing Dallas filed its Reply (Dkt. #13). That same day, Defendant Ally Financial Inc. filed its Reply and Adoption and Joinder of Defendant D&M Leasing Dallas' Reply (Dkt. #14).

## LEGAL STANDARD

### I.    Rule 12(b)(3) Motion

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant, by motion, challenges venue as

---

[7] Plaintiff sent the letter in an attempt to resolve the issues.

improper "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted).

The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

## II.     Section 1406 Transfer

A § 1406 transfer allows a court that is an improper venue or that lacks personal jurisdiction to, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as time-consuming and justice-defeating technicalities.

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (citations omitted).

As the Supreme Court has stated, § 1406(a) "instructs a court to transfer a case from the wrong district to a district in which it could have been brought." *Atl. Marine Const. Co. v. U.S.*

4

*Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 58 (2013) (citations omitted).  The Fifth Circuit has reiterated this point by saying a court "c[an] transfer a case under 28 U.S.C. § 1406(a) in lieu of dismissing the action."  *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989); *see also Fogarty v. USA Truck, Inc.*, 242 F. App'x 152, 154 (5th Cir. 2007) (acknowledging "that a district court may transfer a case" even where it lacks an essential element of jurisdiction like venue or personal jurisdiction).

## ANALYSIS

Defendants moved to dismiss Plaintiff's claims pursuant to 12(b)(3).  For the reasons discussed below, the Court finds that the Eastern District of Texas is not a proper venue under 28 U.S.C. § 1391.  Accordingly, the Court finds in the interest of justice the case should be transferred to the Northern District of Texas, Dallas Division.

**I.    Motion to Dismiss for Improper Venue Pursuant to 28 U.S.C. § 1391**

Plaintiff argues that venue is proper in the Eastern District of Texas because he regularly drives the vehicle purchased from Defendants in the Eastern District.  Plaintiff maintains that the Court should consider events which occurred after his claims materialized—notwithstanding the mere tangential connection the presented event has to the claims alleged.  The Court disagrees.

The text of § 1391(b)(2) permits venue in a "district in which a substantial part of the events or omissions *giving rise to the claim occurred*."  28 U.S.C. § 1391(b)(2) (emphasis added).  The Fifth Circuit instructs that a court must "recognize the distinction between the facts giving rise" to each "separate claim" pleaded by the Plaintiff.  *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018).  In *Trois*, the Fifth Circuit held that a district court "reached an erroneous conclusion of law," because the court "looked outside the specific events giving rise to the [plaintiff's] claim."  *Id.*  Accordingly, the text's requirement that only "events or omissions giving

rise to the claim" are to be considered prohibits the Court from consideration of post-hoc tangentially related events. 28 U.S.C. § 1391(b)(2).

In the present case, all the claims pleaded by the Plaintiff arise from a single series of events. As such, a substantial part, if not all, of these events giving rise to Plaintiff's claims against Defendants occurred entirely within either Plaintiff's home in Richardson, Texas, or D&M Leasing's Dallas office—which are both located in the Northern District of Texas. Consequently, this Court cannot conclude that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in the Eastern District of Texas.

### A. *Plaintiff's TILA Claim*

Plaintiff's first claim, violation of TILA, arises from the alleged failure of the Defendants to provide necessary documentation. TILA was enacted to "assure a meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). TILA empowers the Board of Governors of the Federal Reserve System to promulgate regulations meant to ensure the implementation of TILA. 12 C.F.R. § 226.1(a). Under this power, the Board of Governors promulgated 'Regulation Z' which requires creditors "make disclosures before consummation of the transaction." 12 C.F.R. § 226.17(b). As Defendants note, the lease transaction in this case occurred at Defendant D&M Leasing's Dallas office. Even further, all dealings and communications between Plaintiff and Defendants occurred at D&M Leasing's Dallas office, including discussions regarding the vehicle at the center of this dispute. Therefore, the Court is not persuaded by Plaintiff's assertion that venue is proper in the Eastern District of Texas because Plaintiff drove the vehicle in this district *after* the transaction was finalized. Thus, accepting as true *all* allegations in the complaint and resolving *all* conflicts in favor of Plaintiff, the Court concludes that a substantial portion of the events or omissions giving rise to Plaintiff's TILA claims did not occur in the Eastern District of Texas.

### B. Plaintiff's Fraudulent Misrepresentation Claim

Plaintiff's second claim, fraudulent misrepresentation, arises from alleged misrepresentations made by Defendants prior to the sales completion. The alleged misrepresentations concern Plaintiff's former Lexus vehicle's trade-in value and the new vehicle's safety features. A fraudulent misrepresentation claim requires that there was "(1) a material misrepresentation (2) that was false (3) [and] made with the knowledge that it was false or made recklessly without any knowledge of the truth and as a positive assertion (4) *with the intention that it be acted upon by the other party*." *Siltek Grp. Tex., LLC v. A&A Landscape & Irrigation LP*, No. 05-17-00042-CV, 2018 WL 3342691, at *3 (Tex. App. July 9, 2018) (emphasis added). The alleged misrepresentations are essential components of a sales transaction and must be made "with the intention that [they] be acted upon by the other party." *Id.* Given the relationship between parties—sales agent to potential consumer—the goal of the sales agent is to have the potential consumer consummate a sale. The only act that can be reasonably inferred as the intended consequence of the alleged misrepresentation is the sale of the vehicle. The vehicle in dispute was sold at D&M Leasing's Dallas office, which is in the Northern District of Texas. As such, the events or omissions giving rise to this claim occurred in the Northern District of Texas. Accordingly, the Court finds that venue is not proper in the Eastern District based on this claim.

### C. Plaintiff's Negligent Misrepresentation Claim

Third, Plaintiff's negligent misrepresentation claim arises from the same events as the fraudulent misrepresentation claim above. The four essential elements of a negligent misrepresentation claim are "(1) defendant's representation to a plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise

7

reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation." *Willis v. Marshall*, 401 S.W.3d 689, 698 (Tex. App.—El Paso 2013, no pet.) (quoting *Miller v. LandAmerica Lawyers Title of El Paso*, 362 S.W.3d 842, 845 (Tex. App.—El Paso 2012, no pet.)). The first and second elements are alleged to be the car sale and the pre-transaction representations regarding the Lexus's trade-in value and new vehicle's safety feature. The third element requires the Defendant to have been negligent prior to the transaction and in his communication with Plaintiff at the D&M Leasing's Dallas office. The fourth element is alleged as the Plaintiff's reliance on Defendant's statements when consummating the sale. Consequently, all substantial events of the claim occurred during the conversation between the parties, prior to the sale, at D&M Leasing's Dallas office—located outside the Eastern District of Texas. Accordingly, the Court finds that venue is not proper in the Eastern District based on this claim.

### D. *Plaintiff's DTPA Claim*

Plaintiff's fourth claim, violation of the DTPA, also accrued at D&M Leasing's Dallas office. Plaintiff alleges Defendant "fail[ed] to disclose information concerning goods or services which was known *at the time of the transaction* if such failure to disclose such information was intended to induce the consumer into a transaction [in] which the consumer would not have entered had the information been disclosed." Tex. Bus. & Com. Code Ann. § 17.46(b)(24) (emphasis added). The statute further prohibits "deceptive acts or practices *in the conduct of any trade or commerce*." Tex. Bus. & Com. Code Ann. § 17.46(a) (emphasis added). Violation of this statute results in accrual of the claim upon the conclusion of a sale when requisite disclosures are not made or when deceptive acts or practices are employed. Accordingly, the events giving rise to this claim only include events directly connected to the transaction, which occurred in the Northern

8

District of Texas at D&M Leasing's Dallas office. Accordingly, the Court finds that venue is not proper in the Eastern District based on this claim.

### E. *Plaintiff's Breach of Express Warranty Claim*

Plaintiff's fifth claim, breach of express warranty, arises from the bargain which occurred in D&M Leasing's Dallas office. Plaintiff specifically alleges Defendant D&M Leasing expressly promised that the [v]ehicle ha[d] a backup camera, front camera, and side mirror indicators. These safety features were the basis of the bargain, and Plaintiff alleges that his injuries were caused by the [v]ehicle's missing safety features (Dkt. #1). Accordingly, the claim accrued upon transfer of possession of the vehicle from Defendant D&M Leasing to the Plaintiff—which occurred in the Northern District of Texas at D&M Leasing's Dallas office. Thus, "a substantial part of the events or omissions giving rise to" Plaintiff's breach of warranty claim did not occur in the Eastern District of Texas.

In sum, all the "events or omissions giving rise to" Plaintiff's claims occurred within either the Plaintiff's home in Richardson, Texas, or D&M Leasing's Dallas office, which are both located in the Northern District of Texas. Accordingly, this Court finds venue is improper in the Eastern District of Texas under § 1391(b).

### II.    Transfer Pursuant to 28 U.S.C. § 1406

Notwithstanding the Court's finding that venue is improper under § 1391, the Court finds, in the interest of justice, the case should not be dismissed but rather transferred to a proper district—here, the Northern District of Texas, Dallas Division. 28 U.S.C. § 1406.

### CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Defendants' Rule 12(b)(3) Motion to Dismiss for Improper Venue (Dkt. #6, Dkt. #8) is **GRANTED** as set forth herein.

It is hereby **ORDERED** that this case be transferred to the Northern District of Texas, Dallas Division.

**SIGNED this 28th day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE